**5656666UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ADRIAN CLARK,**

**Plaintiff,**

**v.** **Case No.: 5:24-cv-00015-WFJ-PRL**

**PUBLIX SUPER MARKETS, INC.,**

**Defendant,**
_________________________________/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant Publix Super Markets, Inc.'s second renewed motion to tax costs. (Doc. 61). Plaintiff Adrian Clark has not filed a response, and his time to do so has passed. For the reasons discussed below, Defendant's second renewed motion to tax costs is due to be granted in part and denied in part.

### I. Background

Adrian Clark sued Publix for intentional racial discrimination under 42 U.S.C. §1981, arising from Publix's refusal to issue money orders to Plaintiff and his wife Jessica Clark. On April 17, 2025, the Court granted Defendant's motion for summary judgment (Doc. 36). On April 18, 2025, judgment was entered in favor of Defendant. (Doc. 38). On April 21, 2025, Plaintiff filed a Notice of Appeal. (Doc. 43). On April 30, 2025, Defendant filed a motion to tax its costs to Plaintiff (Doc. 48), which the Court denied without prejudice

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

pending resolution of Plaintiff's appeal (Doc. 50). On June 3, 2025, the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeals due to the failure to prosecute. (Doc. 53). On June 24, 2025, Publix filed a renewed Motion to tax its costs to Plaintiff (Doc. 54), which was later denied (Doc. 58) after the Eleventh Circuit granted Plaintiff's motion to reinstate his appeal. (Doc. 57). On July 1, 2026, the Eleventh Circuit affirmed this Court's prior Order granting Defendant's Motion for Summary Judgment. (Doc. 60).

Now, Defendant has renewed its motion to tax its costs to Plaintiff in the total sum of $2,960.16. (Doc. 61). Defendant attached a bill of costs and supporting documentation to its motion. (Docs. 61-1, 62). Plaintiff has not filed a response in opposition.

## II. Discussion

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The party seeking an award of costs bears the burden of submitting a request that allows a Court to determine what costs were incurred by the party and the party's entitlement to an award of those costs. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Title 28 U.S.C. § 1920 defines the costs taxable under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 limits taxable costs to the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As the prevailing party, Defendant is entitled to an award of taxable costs under Federal Rule of Civil Procedure 54. *See Head v. Medford*, 62 F.3d 351, 354-55 (11th Cir. 1995) (citation omitted) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). Defendant seeks recovery of the following costs: (1) fees for transcripts necessarily obtained of $2,828.40; (2) fees for copies necessarily obtained of $46.35; and (3) other costs of $85.41 for delivery of court documents to Plaintiff and delivery of evidence to the Clerk and the Court.[2]

**A. Deposition Transcripts**

First, Defendant seeks to recover $2,828.40 in court-reporter fees for the depositions of Plaintiff Adrian Clark and his wife, Jessica Clark. Section 1920(2) authorizes the taxation of deposition costs. *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The question of whether the costs for deposition are taxable depends on the factual question of whether the deposition was wholly or partially "necessarily obtained for use in the case.'" *Id.* (quoting U.S.C. § 1920(2).

Here, there can be no dispute that Plaintiff's deposition was necessarily obtained for use in this case as it was essential to Defendant's ability to assess and defend against Plaintiff's claims. Indeed, Defendant relied heavily on Plaintiff's deposition in support of its successful motion for summary judgment. *See E.E.O.C.*, 213 F.3d at 621 (transcripts of deposition used

[2] In its motion, Defendant states that it is also seeking recovery for subpoena expenses. (Doc. 61 at 3). However, no subpoena fees are listed on the Bill of Costs and no supporting invoices were submitted.

to support motion for summary judgment are compensable). Likewise, while Defendant did not rely on the deposition of Jessica Clark in support of its motion for summary judgment, Ms. Clark was directly involved in the events at issue in the lawsuit, and thus, it was necessary to obtain her testimony. Accordingly, I submit that the transcripts of these deposition, as well as the court reporter attendance fees, are recoverable. *See Saint Hubert v. Gulf Hosp. Mgmt*., No. 8:23-cv-2799-CEH-NHA, 2025 WL 2955789, at * 3 (M.D. Fla. Sept. 8, 2025) ("most courts that have examined this issue have ruled that court reporter appearance fees are properly taxable as costs.").

However, the invoices contain additional deposition-related costs including: in person coverage fee, deposition exhibits; Smart Summary—Over 100 transcript pages; witness read and sign services; secure hosting & delivery of Veritext File Suite; and Veritext Virtual Primary Participants. "Courts have generally found that extra costs related to depositions fall outside of the narrow scope of Section 1920, which, again, regards as taxable only '[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case.'" *Saint Hubert,* 2025 WL 2955789, at * 5; s*ee e.g.*, *600 Cleveland, LLC v. Bank of America, N.A*., No. 8:24-cv-1652-KKM-AAS, 2026 WL 1243737, at *4-5 (M.D. Fla. April 21, 2026) (not allowing recovery for additional deposition-related costs including litigation support packages, condensed transcripts, processing and compliance, remote platform support, exhibits, secure hosting & delivery of Veritext File Suites, logistics and processing, transcript supplemental surcharges, witness read and sign service, smart summaries, rough draft, conference suite & amenities, Veritext Virtual Primary Participants, and Veritext exhibit packages); *Cromity v. City of Orlando*, No. 6:22-cv-924-CEM-EJK, 2024 WL 4859107, at *2-3 (M.D. Fla. Oct. 30, 2024) (not allowing recovery for deposition exhibits because defendant failed to show that the

costs were incurred for "anything more than the convenience of counsel"; and disallowing costs for rough draft, condensed transcript, handling and processing fees, and litigation, technology, support, and security package); *Porras v. United States, No.* 8:21-cv-423-JSS, 2023 WL 8520334, at *5 (M.D. Fla. Dec. 8, 2023) (declining to tax costs for "transcript technology" packages, condensed transcripts, handling and processing fees, media stock fees, overnight expedited transcript fees, administrative fees, read and sign fees, CD/DVD/flash drive duplication fee, medical/technical surcharge fees, post proceeding transcript request fees, Zoom fees, exhibit and handling package fees, and rush fees).

Here, the additional costs sought by Defendant fall outside the narrow scope of Section 1920, and Defendant provides no legal authority or argument to explain why the additional costs are taxable. Accordingly, I submit that Defendant's recovery should be limited to the costs of the deposition transcript and attendance fees of the court reporter for Adrian Clark in the amount of $1,052.00 (Doc. 61-1 at 3); and the deposition transcript and attendance fees of the court reporter for Jessica Clark in the amount of $965.40. (Doc. 61-1 at 4). The Court should decline to award as costs the additional charges on the invoices.

**B. Copying Costs**

Next, Defendant seeks to recover $46.35 in copying costs for materials purportedly "necessarily obtained for use in the case." Pursuant to § 1920(4), fees for exemplification and copies of any materials necessarily obtained for use in the case are properly taxed as costs. As the prevailing party, Defendant must provide information regarding the purpose of copies charged so the court can determine whether the copies were necessarily obtained for a reimbursable use in the case. *See Awwad v. Largo Medical Center, Inc.,* No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *5-6 (M.D. Fla. Nov. 27, 2013).

Here, other than submitting the invoices which reflect that the copies were for an unspecified "medical record request," Defendant fails to offer any information about the records, nor does Defendant explain why these records were necessarily obtained for use in the case. Because Defendant has failed to provide sufficient information regarding the purpose of these copies, I submit that the copying costs should not be taxed. *See e.g., Gonzalez v. Pasco County Bd. Of County Commissioners*, No. 8:11-cv-1397-T-30TBW, 2013 WL 1810820, at *3 (M.D. Fla. April 29, 2013) (the prevailing party, "must present evidence showing the nature of the documents copied, including how they were used or intended to be used in the case . . . [and] may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made.")

**C. Other Costs**

Finally, under the category of "Other costs" on the Bill of Costs, Defendant seeks to recover Federal Express fees in the amount of $85.41 for the delivery of court documents to Plaintiff and for the delivery of evidence to the Clerk and the Court. (Doc. 61-1 at 8-10). These costs, however, fall outside the narrow scope of Section 1920, and Defendant fails to offer any legal authority or argument to explain why the delivery fees are taxable. Accordingly, I submit that the Court should deny Defendant's request for these costs.

**III. Conclusion**

Based on the foregoing, I recommend that Defendant's second motion for taxation of costs (Doc. 61) should be **granted** in part and **denied** in part and costs should be taxed against Plaintiff in the total sum of **$2,017.40.**

DONE and ENTERED in Ocala, Florida on July 31, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party